The document below is hereby signed.

Signed: December 27, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROBERTO FELICE DONNA, | ) | Case No. 16-00091 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JESUS VENTURA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 16-10026 |
| ROBERTO FELICE DONNA, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

<u>MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PROTECTIVE ORDER</u>

The plaintiffs have filed a motion for a protective order regarding interrogatories and requests to produce documents served upon the plaintiffs. The defendant opposes the motion.

I

THE PLAINTIFFS' CONTENTIONS

The plaintiffs contend that the discovery requests seek information that is beyond the agreed scope of discovery in this

proceeding, is not relevant to any party's claim or defense, is information that the defendant could have obtained in the District Court proceeding, and relates to issues already litigated before the District Court. Two of the plaintiffs request that the court order defendant to produce his discovery requests in Spanish so that they will be able to understand and accurately respond to the defendant's requests.

II

THE DISCOVERY IS PERMISSIBLE

The complaint in this adversary proceeding seeks a determination that the judgment entered in the District Court against the defendant relating to unpaid wages is nondischargeable (1) under 11 U.S.C. § 523(a)(2)(A) as being for debts for services obtained by false pretenses, false representations, or actual fraud, and (2) under 11 U.S.C. § 523(a)(6) as being for debts for willful and malicious injury to the plaintiffs by the debtor.

The bulk of the discovery requests expressly limit the information elicited to information supporting the plaintiffs' contentions that: (1) the failure to pay wages was a willful and malicious infliction of injury on the plaintiffs by the defendant, and (2) the defendant's obtaining of the plaintiffs' services was via false pretenses, false representations, or actual fraud. The plaintiffs contend that each of the items

addressed by the defendant in the discovery requests "has been addressed by the District Court, could have been discovered by Defendant during that case, or is outside the scope of this case. . . . Furthermore, these issues are outside the scope of discovery in this proceeding, as agreed upon by the parties." *Pls. Mot. for Protective Order*, Dkt. No. 9, at 4 (citing *Joint Rule 26(f) Statement*, Dkt. No. 7, at ¶4).

Contrary to the plaintiffs' contention, the two issues in this adversary proceeding that lay at the heart of the defendant's discovery requests were *not* the issues in the District Court, and thus those issues were not already adjudicated by the District Court.  Moreover, they were not issues that had to be *necessarily* determined by the District Court, such as to make collateral estoppel apply.  *See Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 257 (D.C. Cir. 1992) ("The doctrine of issue preclusion prohibits the relitigation of an issue actually determined and necessary to the judgment.").

Parts of the discovery are not expressly limited to information supporting the plaintiffs' contentions--namely, the parts soliciting routine employment information, and documents relating in any way to payment, requests for payment, non-payment of wages, and related taxes paid by the plaintiffs. Nevertheless, the plaintiffs' objections to these parts of the discovery lack merit.  In addressing the plaintiffs' claims of

3

nondischargeability, it will be pertinent to know such routine employment information as the position that each of the plaintiffs occupied in the defendant's company and the magnitude, frequency, and timing of payments.  Such information may bear upon the circumstances in which representations were made to the plaintiffs, and what types of representations were likely made.  Accordingly, the interrogatories and document requests regarding routine employment information and payment information may elicit information pertinent to the plaintiffs' § 523(a)(2) claim.

Even if the positions the plaintiffs occupied in the defendant's company and payment-related information were covered in the District Court litigation, that information is not govered by collateral estoppel principles.  The District Court's ruling that is entitled to collateral estoppel effect is that the defendant owes the plaintiffs employee wages that it neglected to pay.  Subsidiary findings, such as findings regarding the positions the plaintiffs occupied and the payment practices of the defendant, were not necessary to sustain the judgment and are thus not entitled to collateral estoppel effect.

That the defendant could have taken discovery in the District Court proceeding seeking such information does not preclude him from seeking such information in this adversary proceeding as the information bears on the wholly different claims asserted in this adversary proceeding--that for various

reasons the entirety of the amounts contained in the District Court judgment is nondischargeable. Moreover, the defendant was proceeding pro se in the District Court, and his counsel in this proceeding are entitled to verify the exact positions that the plaintiffs occupied in the company and other routine employment information, including information regarding required payments, as necessary background to the litigation of the nondischargeability claims in this adversary proceeding.

The plaintiffs contend that the information sought by the defendant is "outside the scope of discovery in this proceeding, as agreed upon by the parties." *Pls. Mot. for Protective Order*, Dkt. No. 9, at 4 (citing *Joint Rule 26(f) Statement*, Dkt. No. 7, at ¶4). The agreement to which the plaintiffs refer is that "the scope [of] discovery shall be limited to the *allegations of Plaintiffs' Complaint and Defendant's defenses to Plaintiff's* [sic] *Complaint*." Docket No. 7 at ¶ 4 (emphasis added). Furthermore, the agreement clearly states that "[t]he scope of discovery shall not include matters related to the underlying claims asserted by Plaintiffs in the U.S. District Court for the District of Columbia, Case No. 1:08-cv-00621-RCL, *except to the extent that such matters are relevant to the above-captioned adversary proceeding*." *Id*. (emphasis added). The discovery sought is demonstrably relevant to the plaintiffs' claims in this

adversary proceeding, and is well within the scope of discovery, even as agreed upon by the parties.

### III

### THE PLAINTIFFS ARE NOT ENTITLED TO A TRANSLATION OF THE DISCOVERY REQUESTS

Federal courts have generally held that when a deposition is taken of an opposing party who does not speak English, the party taking the deposition must bear the cost of obtaining an interpreter to facilitate the deposition.  *See Lopez-Gomez v. Jim's Place, LLC*, 60 F.Supp.3d 853, 855-56 (W.D. Tenn. 2014) (quoting *E. Boston Ecumenical Cmty. Council, Inc. v. Mastrorillo*, 124 F.R.D. 14, 15 (D. Mass. 1989)).  That follows from the recognized rule that civil litigants should bear their own litigation costs.  *See, e.g., In re Puerto Rico Elec. Power Auth.*, 687 F.2d 501, 506 (1st Cir. 1982).  If the party taking the deposition prevails in the litigation, the costs related to providing the interpreter are taxable as a cost under 28 U.S.C. § 1920(6).

In the realm of written discovery, no rule requires a party to serve on a non-English-speaking opposing party translations of discovery requests written in English.  The law recognizes that interpreters of oral language and translators of written

6

documents are different.[1]  Interrogatories or requests to produce documents propounded to a non-English speaking party can be translated in due course at some point after they are received. That makes them different from a deposition of a non-English speaking deponent, which requires an interpreter to be present on the spot to make the deposition work.  In such cases, this necessity justifies requiring the party taking the deposition to foot the expense of the interpreter.

The plaintiffs' complaint, filed in English, opened the plaintiffs to inquiry by the defendant via interrogatories and

---

[1]  The ordinary meaning of "interpreter" is someone who orally translates spoken language from one language to another, not someone who translates a written document. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2004-05 (2012); *Id.* at 2004 (quoting *Extra Equipamentos E Exportaçõ Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008), *cert. denied*, 555 U.S. 1175 (2009)) ("[T]he translator of a document is not referred to as an interpreter.  Robert Fagles made famous translations into English of the *Iliad* the *Odyssey*, and the *Aeneid*, but no one would refer to him as an English-language 'interpreter' of these works."). Accordingly, the category "compensation of interpreters" in 28 U.S.C. § 1920(6) does not include the cost of document translation. *Id.* at 2005; *Extra Equipamentos E Exportaçõ Ltda.*, 541 F.3d at 727-28 (noting that "[t]he specificity of section 1920(6) and the character of section 1920 as a whole" made the Seventh Circuit "reluctant to interpret "interpreters" loosely to include translators of written documents" and while the Sixth Circuit had issued one opinion taxing such expenses under section 1920(6), "there should be a good reason for disfiguring statutory language before wielding the knife" and there was no such justification present). *But see In re Fialuridine (FIAU) Products Liab. Litig.*, 163 F.R.D. 386, 388-89 (D.D.C. 1995) (citing *Quy v. Air America, Inc.*, 667 F.2d 1059, 1065-66 (D.C. Cir. 1981), for the proposition that the court may, in its discretion, award translation expenses to the prevailing party under 28 U.S.C. § 1920(6)).

document production requests submitted in English.  The plaintiffs are required to respond to such written discovery, and have more than adequate time after service of the written discovery to take any translation steps required to facilitate a response.  The plaintiffs' attorneys were able to adequately communicate with their two non-English-speaking clients in order to gather information for purposes of filing the complaint in English.  They presumably already described to those clients the discovery sought by the defendant so that they could obtain authorization to file the motion for a protective order on their behalf.  In any event, they will confer with those clients in order to determine the answers and responses that their clients intend to provide, and in the course of doing so they or a Spanish translator will translate the discovery requests so that those clients understand what is being requested of them.  Expenses may be incurred in responding to the discovery, but the plaintiffs must bear their own litigation costs.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 (1978) (quotation marks and citation omitted) (noting "the general principle that a party must bear the burden of financing his own suit").

   The expenses, including any translation expenses, incurred by a non-English speaking party in responding to written discovery are an expense of the responding party.  There is no requirement that a party supply to a non-English speaking

8

opposing party translations of written discovery served on the opposing party.

IV

SANCTIONS

The defendant's opposition requests sanctions. *See* Dkt. No. 13, at 12-13. Federal Rule of Civil Procedure 26(c)(3) incorporates Rule 37(a)(5)(B), which provides that if the court denies a motion for a protective order, the court:

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Sanctions may be appropriate in this case. As to all of the plaintiffs, the discovery requests were relevant, not precluded by what transpired in the District Court, and within the confines of the parties' agreement regarding discovery. Indeed, the plaintiffs refused to respond to even the bulk of the defendant's discovery requests that were *expressly* limited to the issues in

this adversary proceeding pending a ruling on the motion for a protective order.[2]

However, the plaintiffs and the attorney who filed the motion have not yet been given a fair opportunity to be heard regarding the propriety or impropriety of awarding sanctions. Although the plaintiffs were authorized to file a reply to the defendant's opposition to their *Motion for Protective Order*, they filed no reply.  Filing a reply to the defendant's opposition, however, would not be the same as opposing a motion for an award of attorney's fees and other expenses.  Had the defendant filed a separate motion for an award of attorney's fees and other expenses, the plaintiffs and the attorney who filed the motion would have had fourteen days after service of the motion to file an opposition thereto.  In any event, even if they had filed a reply, the plaintiffs and the attorney who filed the motion would be entitled to oppose the reasonableness of the fees and expenses sought.

Accordingly, if the defendant wishes the court to issue sanctions, the court will require the defendant to file a motion

---

[2] Only two of the plaintiffs allegedly need a Spanish translation of the discovery requests, and even though the issue of providing a translation for those two plaintiffs was not frivolous, the remaining contentions those two plaintiffs raised were the same contentions as those raised by the other plaintiffs.  However, the non-frivolous nature of their request for Spanish translations may warrant a finding that fees incurred in responding to that request ought not be awarded.

for an award of attorney's fees and other expenses (renewing the arguments in the opposition in favor of sanctions, plus any other arguments the defendant wishes to make), with time records showing the amounts of attorney's fees and other expenses incurred, and any explanation as to the reasonableness of such expenses. That will allow for an orderly resolution of the sanctions issue.

V

CONCLUSION

Pursuant to the foregoing, it is

ORDERED that the plaintiffs' *Motion for Protective Order* (Dkt. No. 9) is DENIED. It is further

ORDERED that the defendant's request for sanctions is denied without prejudice, allowing the defendant to file a motion for the recovery of the same.

[Signed and dated above.]

Copies to: All counsel of record.