The document below is hereby signed.

Signed: July 27, 2017



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                            )
                                 )
ROBERTO FELICE DONNA,            )   Case No. 16-00091
                                 )   (Chapter 7)
              Debtor.            )
_____  )
                                 )
JESUS VENTURA, et al.,           )
                                 )
              Plaintiffs,        )
                                 )
       v.                        )
                                 )   Adversary Proceeding No.
ROBERTO FELICE DONNA,            )   16-10026
                                 )
              Defendant.         )   Not for publication in
                                 )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER GRANTING
IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES

The defendant has filed a *Motion for Attorney's Fees* (Dkt. No. 18), seeking fees for defending against plaintiffs' *Motion For Protective Order* (Dkt. 9). I will award 62.5% of the fees sought, plus reasonable fees incurred in pursuing the *Motion for Attorney's Fees*.

The plaintiffs improperly refused to provide responses to the defendant's discovery requests that were not in dispute

pending resolution of the *Motion for a Protective Order*. Except for the translation issue, the *Motion for a Protective Order* was not substantially justified, and I fix 37.5% as the percentage of the fees attributable to the defendant's attorneys working on the translation issue.

The *Motion for Protective Order* contended that discovery as to generic employment information (a minuscule part of the discovery requests) sought information already produced to the defendant in District Court litigation, but there was no need to file the *Motion for a Protective Order* in that regard because the contention could have been raised in responses to the discovery requests. The plaintiffs were not substantially justified in seeking a protective order on that basis. In any event, the opposition to the *Motion for Protective Order* paid scant attention to the contention regarding generic employment information, arguing that the contention should have been raised as an objection to the discovery request. The defendant's making that argument did not entail any substantial amount of attorney's fees. Instead, the opposition made the primary point that the plaintiffs' contention regarding generic employment information did not warrant the further contention that the *Motion for a Protective Order* justified refusing *in toto* to respond to the defendant's discovery.

The plaintiffs were substantially justified in raising the

contention that translation of the discovery should be provided to two of the plaintiffs, a contention that had some plausibility. If the contention had been upheld, the two plaintiffs would have been entitled to translations before being required to respond, so these two plaintiffs' failure to respond *in toto* to the discovery requests pending disposition of the *Motion for a Protective Order* was, on that basis, substantially justified. Accordingly, I reject the defendant's argument that fees ought to be awarded as to work on the translation issue because that issue was used, by these two plaintiffs, as a basis for refusing to respond to discovery *in toto*. As to other plaintiffs, the translation issue was *not* an appropriate basis for refusing to respond to discovery *in toto*. However, because raising the translation issue as to the two plaintiffs was substantially justified and would have required the same amount of work on that issue even if the *Motion for a Protective Order* had been limited to that issue, no fees will be awarded for work on the translation issue.

　　The plaintiffs contend that the court should treat 37.5% of the fees as related to the translation issue. The defendant contends that 15% is the appropriate percentage based on the pages of the opposition devoted to that issue, and noting that an associate's time researching the translation issue has not been included in the fee tally. However, the translation issue was

the only tough issue that the *Motion for a Protective Order* presented, and page numbers alone are not enough to demonstrate the percentage of fees devoted to the translation issue. It is entirely plausible that 37.5% of the work on the opposition to the *Motion for a Protective Order* was devoted to the translation issue. The defendant, who bears the burden of proof, has not pointed in the *Defendant's Motion for Attorney's Fees* or in the reply to the plaintiffs' opposition to that *Motion* to any evidence that justifies rejecting the 37.5% figure proposed by the plaintiffs. Accordingly, I will treat 37.5% of the fees as related to the translation issue.

It is thus

ORDERED that within 30 days after entry of this order, the plaintiffs' counsel shall pay the defendant $5,895.00, 62.5% of the $9,432 requested by the defendant. It is further

ORDERED that:

(1) the defendant shall recover from the plaintiffs' attorney reasonable attorney's fees and expenses in pursuing the *Defendant's Motion for Attorney's Fees* (Dkt. No. 18);

(2) within 21 days after entry of this order the defendant shall file a statement of such fees and expenses;

(3) within 14 days after the filing of the statement, the plaintiffs' counsel may file an objection to the reasonableness of the fees and expenses sought by the

4

statement; and

(4) within 7 days of the filing of any objection, the defendant may file a reply to the objection.

It is further

ORDERED that the *Defendant's Motion for Attorney's Fees* (Dkt. No. 18) is otherwise denied.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.